UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STATE OF INDIANA *ex rel.* CHRIS NAYLOR, INDIANA SECURITIES COMMISSIONER,  )<br>)<br>)<br>)<br>    Plaintiff,  )<br>)<br>vs.  )<br>)<br>INDIANA STATE TEACHERS )<br>ASSOCIATION, ISTA INSURANCE )<br>TRUST, ISTA FINANCIAL SERVICES )<br>CORPORATION, ISTA WELFARE )<br>BENEFITS TRUST, ISTA )<br>ADMINISTRATIVE SERVICES )<br>CORPORATION, and NATIONAL )<br>EDUCATION ASSOCIATION, )<br>)<br>    Defendants.  ) | 1:09-cv-01506-SEB-DML |

**ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER**

This entry resolves a renewed request relating to the much-publicized efforts of Indiana school employees to recoup funds after one of the state's major insurance trusts collapsed. The dispute originated on December 2, 2009, when the State of Indiana, through its Securities Commissioner ("the Commissioner"), filed a lawsuit in state court against the Indiana State Teachers Association *et al.* ("the ISTA") and the National Education Association ("the NEA"). After Defendants removed the case to federal court on December 9, 2009, on the ground that the NEA is a federally chartered corporation, we assumed jurisdiction over the matter. Over a year later, the Commissioner filed his

1

Amended Complaint [Docket No. 138], alleging four violations of the Indiana Uniform Securities Act.  He asserted these claims derivatively with respect to the NEA, asking the Court to hold the NEA accountable for acts of Indiana's four Unified Staff Service Program employees ("the UniServ Directors").[1]  We denied Defendants' motion to dismiss on April 28, 2010.  Thereafter, the ISTA and the NEA filed separate motions for summary judgment [Docket Nos. 170, 174], which we likewise denied by order dated March 26, 2013 [Docket No. 206].  Now before us is the NEA's Motion to Reconsider [Docket No. 215], filed on April 9, 2013.

Bearing in mind the protracted nature of the proceedings and the substantial amount of judicial ink previously applied in resolving the parties' various motions, we need only briefly recite the relevant facts.  The focal point of this lawsuit is the ISTA Trust ("the Trust"), which offered various health and disability insurance arrangements to Indiana school employees.  Under one such plan, the Collaborative Surplus Reserve ("CSR") Program, participating school districts could "receive a return on [their] . . . balances,[2] calculated as a return on investment by ISTA and based, in part, on the return earned by ISTA and the [Trust] on their investments."  Am. Compl. ¶ 15.  The Commissioner asserts that the CSR Program participants have been harmed by Defendants' alleged failure to disclose material information concerning the financial health of the Trust.  According to the Commissioner, Defendants did not divulge that the Trust had sustained substantial

---

[1] The Unified Staff Service Program provides the ISTA and similar organizations with staff and support services needed to implement programs for educators.  2008 UniServ Agrmt. at 2.
[2] According to the Commissioner, some school districts were promised guaranteed rates of return.  Am. Compl. ¶ 16.

investment losses and, therefore, could not meet its obligations to CSR Program participants. *Id.* ¶ 19. Putting aside theories of causation, it is undisputed that the Trust *did* collapse in 2009. The NEA subsequently assumed control of the operations, administration, and assets of the ISTA and its related entities by trusteeship.[3] *Id.* ¶ 23.

Although most of the assertions in the Amended Complaint address the ISTA's allegedly unlawful conduct, the Commissioner also named the NEA as a defendant "because of its operational control of the ISTA Entities" and "because [the NEA] paid, directly or indirectly, compensation to UniServ Directors," who allegedly violated the Indiana Uniform Securities Act. Throughout this lawsuit, the Commissioner has argued that the NEA, having breached its duty to supervise the UniServ Directors, must now be held liable for the losses resulting from the Trust's collapse. The NEA has similarly maintained its resolve that: (1) the UniServ Directors were subject only to the supervision and control of the ISTA; (2) the NEA was never duty-bound to supervise these individuals; (3) the NEA never actually supervised these individuals; and (4) past financial assistance to the ISTA does not justify a finding of liability against the NEA.

At summary judgment, we were unable to conclude that the NEA was entitled to judgment as a matter of law. We denied NEA's motion for summary judgment because, in our view, the evidence in the record did not substantiate the NEA's argument that it lacked managerial rights over the UniServ Directors. Relying on the 2008 UniServ

---

[3]The NEA officially began its trusteeship on May 20, 2009, installing Edward Sullivan as the Trust's acting chief executive officer and sole trustee. Am. Compl. ¶ 10.

Agreement (a document placed in the record by the NEA), we made the factual finding that:

> The following aspects of the UniServ arrangement lead us to conclude that genuine disputed issues of material fact remain: the UniServ Directors' reliance on NEA for a significant portion of their salary; the fact that the NEA could "use each UniServ [Director] for up to 10 working days each year;" the NEA's demonstrated commitment to supervising the UniServ Directors' career development activities; and the NEA's intermittent "review of the total statewide UniServ Program." Likewise, the NEA's reservation of the right to "make the final decision" regarding activities it funded belies its insistence that it did not supervise the UniServ Directors. These aggregated facts, as well as the ISTA's proffered testimony regarding who the UniServ Directors regarded as their "supervisor," preclude us at this time from granting judgment as a matter of law in favor of the NEA.

Docket No. 206 at 30 (quoting 2008 UniServ Agrmt. at 4-5.). The NEA now objects to the foregoing findings in its request for reconsideration of our denial of summary judgment. Specifically, it argues that its lawsuit is the "classic case for reconsideration" because "the Court's denial of [its] motion for summary judgment . . . is predicated on . . . the Court's interpretation of provisions no party had addressed." NEA Br. at 2.

The NEA brings its motion to reconsider pursuant to Federal Rule of Civil Procedure 54(b), which provides, in relevant part, that "any order or other form of decision, however designated, which adjudicates fewer than all the claims . . . is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Rule 54(b) affords a district court broad discretion to amend an order before entering judgment as to all claims and parties. *See Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). Nevertheless, motions for reconsideration "serve a limited function." *Publishers Res., Inc. v.*

4


*Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985).  Their narrow scope of applicability emanates from the law of the case doctrine, which carries a "presumption against reopening matters already decided [to] reflect[] interests in consistency, finality, and the conservation of judicial resources," *Minch v. City of Chi.*, 486 F.3d 294, 301 (7th Cir. 2007), but also authorizes the court to change its mind about a prior ruling. Accordingly, motions for reconsideration may be granted "for 'compelling reasons,' such as a change in the law which reveals that an earlier ruling was erroneous."  *Solis v. Current Dev. Corp.*, 557 F.3d 772, 780 (7th Cir. 2009); *see also Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 572 (7th Cir. 2006); *Starcon Int'l, Inc. v. N.L.R.B.*, 450 F.3d 276, 278 (7th Cir. 2006).   They may also be granted when the court misunderstands a party, makes a decision outside the key issues before the court, or errs in apprehension (not reasoning).  *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990); *United States v. ITT Educ. Servs., Inc.*, No. 1:07-cv-0867-TWP-MJD, 2012 WL 266943, at *8 (S.D. Ind. Jan. 30, 2012).

When ruling on a motion for reconsideration, "the threshold issue [for the court is] whether the factual or legal landscape has changed since [the last decision]." *Agostini v. Felton*, 521 U.S. 203, 216 (1997); *see also Vidimos, Inc. v. Wysong Laser Co.*, 179 F.3d 1063, 1065 (7th Cir. 1999).   The requirement of changed circumstances "empower[s] the court to change course when a mistake has been made . . . [but] do[es] not empower litigants to indefinitely prolong a case by allowing them to raise their arguments[] piece by piece."  *Solis*, 557 F.3d at 780.   Additionally, this type of motion it is neither a vehicle for

arguments a party should previously have asserted nor "a second[] . . . or . . . third[] bite at the apple." *Id.* It is well-settled throughout our federal court system that "[t]here must be an end to litigation someday." *Ackermann v. United States*, 340 U.S. 193, 198 (1950). Therefore, a party who finds himself paddling upstream after a ruling adverse to his interests may not use a motion for reconsideration as a life raft—especially not when his own strategic choices engendered his dilemma. *See Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980).

    Bearing in mind our circuit's stance that motions to reconsider should be scarce because controlling changes in the law or facts after submission of issues to the court "rarely arise," we can make short work of the NEA's motion. *Bank of Waunakee*, 906 F.2d at 1191. The NEA's argument is not grounded in intervening authority, new and previously undiscoverable evidence, or changed circumstances weighty enough to bypass the law of the case doctrine. *See Vidimos, Inc.*, 179 F.3d at 1065. In fact, the crux of the NEA's motion is that it has not had the opportunity to address the evidence upon which the Court relied at summary judgment—*i.e.*, four provisions of the 2008 UniServ Agreement. NEA Br. at 2. This argument is both puzzling and preposterous. As we noted *supra*, the 2008 UniServ Agreement is part of the evidentiary record because *the NEA included it as an exhibit* in support of its motion for summary judgment. *See* Docket No. 175 Ex. 3 ("Exhibit B—UniServ Agreement 2008"). That all parties have enjoyed access to this document since April 13, 2012 belies the NEA's assertion that it was somehow unavailable to anyone during the remainder of the briefing schedule. Furthermore, having placed this

6

document before the Court, it is disingenuous of the NEA to argue now that the Court's references to it were improper.  A district court is not required to ignore contractual provisions—especially not when the language therein bears directly on a disputed issue. *S. Ill. Riverboat Casino Cruises, Inc. v. Triangle Insulation & Sheet Metal Co.*, 302 F.3d 667, 677 (7th Cir. 2002).  Rather, the court is obligated to *raise* topics the parties have overlooked; "the judge is on the bench . . . because of superior legal background, expertise, or credentials, and for that reason '[should] not sit as a passive observer who functions solely when called upon by the parties.'"  *Jones v. Page*, 76 F.3d 831, 850 (7th Cir. 1996) (quoting *Gonzalez v. Volvo of Am. Corp.*, 734 F.2d 1221, 1225 (7th Cir. 1984)).

      Here, the excerpts of the 2008 UniServ Agreement upon which we relied in our March 26, 2013 order are decidedly *not* "outside the adversarial issues presented to the Court by the parties."  NEA Br. at 3 (quoting *Bank of Waunakee*, 906 F.2d at 1191).  The NEA's request for judgment as a matter of law focused on the issue of whether it "had sufficient connection with an alleged violation of the Indiana [Uniform] Securities Act." NEA S.J. Br. at 6.  We therefore examined whether the record evidence established "that [the] NEA neither participated [n]or controlled or supervised" the UniServ Directors.  *Id.* Fully apprised of the parties' submissions, we concluded that several aspects of the 2008 UniServ Agreement (compensation, decisionmaking, supervising career development, and "using" the services of a UniServ Director up to ten working days per year) pertained directly to the NEA's core adversarial issues.  The NEA has failed to provide any new, significant, contradictory, or binding case law that might persuade us otherwise at this

7

juncture; rather, it merely balks at a decision that was contrary to its own stated interests. We say again that genuine issues of material fact remain concerning the NEA's role in the Trust collapse; consequently, any determination of the NEA's liability in this lawsuit must be reserved for the jury at trial. Our prior ruling on the NEA's motion for summary judgment stands, and the NEA's Motion for Reconsideration is, therefore, DENIED.

    IT IS SO ORDERED.

Date: _____04/17/2013_____

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Abigail V Carter
BREDHOFF & KAISER P.L.L.C.
acarter@bredhoff.com

Jeremiah A. Collins
BREDHOFF & KAISER P.L.L.C.
jcollins@bredhoff.com

W. Gary Kohlman
BREDHOFF & KAISER P.L.L.C.
gkohlman@bredhoff.com

Daniel Zibel
BREDHOFF & KAISER, P.L.L.C.
dzibel@bredhoff.com

Douglas L. Greenfield
BREDHOFF & KAISER, P.L.L.C.
dgreenfield@bredhoff.com

John M. West
BREDHOFF & KAISER, P.L.L.C.
jwest@bredhoff.com

Robert M. Weinberg
BREDHOFF & KAISER, P.L.L.C.
rweinberg@bredhoff.com

Arend J. Abel
COHEN & MALAD LLP
aabel@cohenandmalad.com

Irwin B. Levin
COHEN & MALAD LLP
ilevin@cohenandmalad.com

Richard E. Shevitz
COHEN & MALAD LLP
rshevitz@cohenandmalad.com

Scott D Hofer
FOLAND WICKENS EISFELDER ROPER & HOFER PC
shofer@fwpclaw.com

Kyle N Roehler
FOLAND WICKENS EISFELDER ROPER & HOFER, PC
kroehler@fwpclaw.com

Alan S. Brown
FROST BROWN TODD LLC
abrown@fbtlaw.com

Joel E. Tragesser
FROST BROWN TODD LLC
jtragesser@fbtlaw.com

Michele Lorbieski Anderson
FROST BROWN TODD LLC
mlanderson@fbtlaw.com

Thomas E. Satrom
FROST BROWN TODD LLC
tsatrom@fbtlaw.com

Alice McKenzie Morical
HOOVER HULL LLP
amorical@hooverhull.com

Andrew W. Hull
HOOVER HULL LLP
awhull@hooverhull.com

Michael E. Brown
KIGHTLINGER & GRAY
mbrown@k-glaw.com

Eric S. Pavlack
PAVLACK LAW LLC
eric@pavlacklawfirm.com